IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HERSCHELLA A. SMITH,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No. 07-cv-0443-MJR ) |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) ) ) ) |
| **Defendant.** | ) |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

In late June 2007, Herschella Smith filed suit in this Court seeking judicial review of a decision of the Commissioner of the United States Social Security Administration, pursuant to 42 U.S.C. § 405(g). That decision denied Smith disability benefits under the Social Security Act. Now before the Court is Smith's August 3, 2007 motion for leave to proceed without prepayment of fees and accompanying affidavit (Docs. 9-1 & 9-2).[1]

28 U.S.C. § 1915(e)(2) requires careful scrutiny of such motions. Moreover, the statute requires the Court to *dismiss* any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. ***Id.***

Smith's complaint survives § 1915(e)(2) review. She has furnished an affidavit documenting her indigence. Her action is neither frivolous nor malicious. At this point, the Court

---

[1] These documents were filed under seal, presumably either (a) based on a sentence in a clerk's office notice of August 2, 2007 (Doc. 7) or (b) because they contain personal information. The Court can discern no social security number, bank account number or other information that truly required sealing of Docs. 9-1 & 9-2.

cannot conclude that the complaint fails to state a claim upon which relief can be granted. Finally, the named Defendant is not immune from a suit for the requested relief.

Accordingly, the Court **GRANTS** Smith's motion for pauper status (Doc. 9). Typically after granting a motion for pauper status, the Court would direct the Clerk's Office to prepare and issue a summons for the named Defendant and would direct the United States Marshals Service to serve the summons and complaint on the named Defendant. But Smith is represented by counsel (attorney Daniel Shinkle). Therefore, the Court leaves to Shinkle the responsibility of accomplishing service herein. If Shinkle believes that 28 U.S.C. § 1915(d) or Federal Rule of Civil Procedure 4(c)(2) requires the U.S. Marshals to serve process in this case, he should immediately request such service by filing an appropriate motion herein. Otherwise, as stated in the August 2, 2007 notice (Doc. 7), once this Order is entered, counsel can submit to the Clerk of Court a summons in paper form for issuance. The proper format for a summons is available on this Court's website at www.ilsd.uscourts.gov.

Finally, the Court intends to **UNSEAL** the August 3, 2007 motion (Doc. 9), unless Smith's counsel – on or before August 24, 2007 – files a one-page memo showing cause why that document must be sealed.

**IT IS SO ORDERED.**

**DATED this 13th day of August 2007.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**